# FINAL INSTRUCTIONS

*United States v. Ernest James Johnson*
*No. 3:11-00054*

*Judge Robert C. Chambers*



Ladies and gentlemen, now that you have heard the evidence, it is my duty to instruct you on the law. These instructions—combined with instructions that I gave you during the trial—must guide you in your deliberations.

These final instructions will be divided into three parts: first, general instructions on your duties as jurors; second, a statement of the rules of law that you must apply; and third, guidelines for your deliberations and return of a verdict.

## A. General Instructions

1. **Judges of Facts.** You are the judges of the facts. You must apply the facts as you find them to the law as I give it to you in these instructions. You must decide this case based solely on the facts as you find them and the law as I give it to you.

2. **Evidence.** You must base your verdict solely upon the evidence presented in this case. The evidence consists of the sworn testimony of the witnesses, the exhibits, stipulations, and those matters of which I took judicial notice.

3. **Judicial Notice.** In this case, I took judicial notice of the fact that cocaine base is a Schedule II controlled substance and that Huntington is located in Cabell County, West Virginia, within the Southern District of West Virginia. As this is a criminal case, you may, but are not required to, accept these facts as conclusive. If you do accept these facts as conclusive, then such facts may be regarded as evidence in this case without any further proof, and they are entitled to be weighed by you along with the other evidence in this case.

4. **Not Evidence.** The following are not evidence: the indictment, which is a formal method of accusing a defendant of a crime in order to bring

that defendant to trial; my statements and rulings; the attorney's statements, arguments, questions, and objections; and any evidence that I ordered stricken. If I sustained an objection to a question, you must disregard the question. If I sustained an objection to an answer, you must disregard the answer. If I overruled an objection, you must treat the question and answer like any other.

5. **Consideration of Evidence.** You should consider the evidence in the same way that you would consider evidence when making any important decision. Feel free to use common sense. Feel free to draw reasonable conclusions based on your common experience.

   a. **Credibility.** Carefully consider each witness's testimony and whether it is worthy of belief. Feel free to consider each witness's ability to observe the matters testified about; each witness's demeanor, state of mind, motive, and intelligence; the effect of the verdict on each witness; and whether the testimony of each witness is consistent or inconsistent with other evidence.

   b. **False Testimony/ Inconsistencies.** You may reject all or part of a witness's testimony because you believe he or she testified falsely on an important matter or because of inconsistencies, discrepancies, contradictory evidence, or evidence that the witness has made statements that are inconsistent with his or her trial testimony. Remember, however, that two or more persons witnessing an incident may see or hear it differently and that an innocent mistake in remembering is not an uncommon experience.

   c. **Circumstantial Evidence.** Some of you have probably heard the terms "direct evidence" and "circumstantial evidence." Do not be concerned about the difference between these types of evidence. Give all evidence–direct and circumstantial–the weight you believe it deserves.

   d. **Confession of Defendant.** Consider with caution and weigh with great care any statement, confession, admission, act, omission of

       the defendant outside of court and after the alleged commission of the crime. Disregard any such evidence unless you conclude beyond a reasonable doubt that the defendant acted knowingly and voluntarily. Otherwise, give it such weight as you feel it deserves.

    e.    **Guilty Plea to Other Offenses.** The defendant has pled guilty to other counts of the indictment in this matter. The fact that he has done so should not be considered by you for the purpose of proving his character in order to show he acted similarly and in conformity with this character with regard to Count Ten. The fact that the defendant is guilty, by his own plea, to other counts of the indictment in this matter does not mean he is guilty of the charge set forth in Count Ten of the indictment. Instead, you must determine whether or not he is guilty of Count Ten based upon the evidence presented in this case and the law as I give it to you.

    f.    **Limiting Instructions.** Consider any evidence admitted for a limited purpose only for that limited purpose. *I instructed you to consider the defendant's prior conviction for purposes of weighing the defendant's credibility as a witness, but instructed you not to consider it for any other purpose.*

6.    **Miscellaneous Witnesses**

    a.    **Defendant as Witness.** Consider the defendant's testimony in the same way you consider other witnesses' testimony.

    b.    **Law Enforcement Officers as Witnesses.** You should not give the testimony of law enforcement officers any special weight or credibility merely because they are officers. Instead, consider their testimony the same way as you consider any other witnesses' testimony.

7.    **Special Rules for Criminal Cases**

a. **Presumption of Innocence.** You must presume the defendant innocent of the crime charged. The presumption of innocence alone is enough to find the defendant not guilty.

b. **Burden of Proof.** The Government has the burden of proving the defendant's guilt beyond a reasonable doubt. Unless the Government proves beyond a reasonable doubt that the defendant has committed each and every element of a crime charged, you must find the defendant not guilty of that crime. This burden never shifts to the defendant because the law never imposes upon a criminal defendant the burden or duty of calling witnesses or presenting evidence. If you view the evidence as reasonably permitting two conclusions—one of innocence, the other of guilt—you must adopt the conclusion of innocence.

**B. The Law**

1. **Count Ten.** Count Ten charges:

   *On or about June 29, 2010, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, [the] defendant ERNEST JAMES JOHNSON did knowingly carry a CZ, .32 caliber pistol, during and in relation to a drug trafficking crime for which [the] defendant may be prosecuted in a court of the United States, that is, distribution of a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).*

   *In violation of Title 18, United States Code, Section 924(c)(1)(A).*

2. **Statute.** Section 924(c)(1)(A) states, in pertinent part:

   *[A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, . . . carries a firearm . . . shall [be guilty of another crime against the United States].*

a. **Elements.** To sustain its burden of proof in connection with Count Ten, the Government must prove the following two essential elements beyond a reasonable doubt:

1) The defendant committed the crime of Distributing a Quantity of Cocaine Base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) as charged in Count Ten; and

2) During and in relation to the commission of that crime, the defendant knowingly carried a firearm.

Distributing Cocaine Base is a drug trafficking offense.

The charge alleges that a crime was committed "on or about" a certain date. The Government need prove beyond a reasonable doubt only that the offense was committed on a date reasonably near the alleged date.

To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident or other innocent reason. In determining whether a person acts knowingly, you must focus on his or her actual knowledge.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The phrase "carries a firearm" means knowing possession and bearing, movement, conveyance, or transportation of a firearm.

The phrase "in relation to" means that the firearm must have some purpose or effect with respect to the drug trafficking crime. The presence or involvement of the firearm cannot be the result of an accident or coincidence. The firearm, at least, must facilitate or have the potential of facilitating the drug trafficking crime.

However, it is not necessary to show the defendant affirmatively used a gun when completing a drug transaction or even that the defendant possessed a gun at the exact time of a drug exchange. Rather, you may find a violation of § 924(c)(1)(A), if you find that the firearm was within the possession or control of the defendant at the time he committed the underlying drug trafficking crime, and that the evidence showed that the firearm facilitated or had the potential to facilitate the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred.

## C.   Closing Instructions

1. **Foreperson.** When you retire to the jury room, first select a person to act as foreperson. The foreperson will preside over your deliberations and will be your spokesperson in Court.

2. **Unanimity.** All jurors must agree on a verdict. Your verdict must be unanimous.

3. **Deliberation Process.** You must consult with one another and deliberate with the intention of reaching agreement—if you can do so without violence to your individual judgment. During your deliberations, do not hesitate to reexamine your own views or to change your opinion. But do not surrender your views or opinions just to reach a verdict.

4. **Verdict Forms.** I have prepared a verdict form for you. When you have reached unanimous verdict, your foreperson should fill in, date, and sign the verdict form. Let the court security officer know when you have reached a unanimous verdict.

5. **Communication with the Court.** At some point, you may want to take a break or recess for the day. If you need to communicate with me about this or any other matter, you may send a note through the bailiff. If you

do need to send me a note, please do not reveal to me or any other person how the jury stands on the question of guilt or innocence.

Those are your instructions.